***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement dated 3 May 2002, as:
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction of the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to nonjoinder or misjoinder of parties.
3. The appointment of any party who appears in a representative capacity is valid and said party has duly qualified and no additional proof of appointment or capacity shall be required.
4. At all times relevant herein, the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
5. At all times relevant herein, there existed between plaintiff and defendant-employer an employment relationship.
6. The Hartford Insurance Company was the carrier on the risk at all times relevant herein.
7. Plaintiff sustained an occupational disease, to wit: carpal tunnel to her right hand on 9 March 1990 and to her left hand on 14 October 1991. These claims were accepted by Hartford on Form 21 Agreements.
8. The case came on for hearing before Deputy Commissioner W. Bain Jones, Jr., in Winston-Salem on 11 August 1999. An Opinion and Award was filed by Deputy Commissioner W. Bain Jones, Jr., on 19 April 2000, and defendants have been paying benefits pursuant to said Opinion and Award.
9. A Form 25N Notice to the Commission of Assignment of Rehabilitation Professional dated 26 July 2001 was filed by defendants.
10. A Form 24 Application to Terminate or Suspend Payment of Compensation and Motion to Suspend Benefits dated 17 October 2001 was filed by Defendants.
11. Plaintiff filed a Response to Motion to Suspend Benefits and Application to Terminate or Suspend Payment of Compensation dated 31 October 2001.
12. A telephonic informal hearing was held on 20 November 2001 and an Administrative Order by Myra L. Griffin, former Special Deputy Commissioner, was filed on 26 November 2001 denying defendants' Form 24 Application.
13. Defendants filed a Form 24 Application to Terminate or Suspend Benefits and Motion to Suspend Benefits dated 10 January 2002.
14. Plaintiff filed a Response to Motion to Suspend Benefits and Application to Terminate or Suspend Payment of Compensation dated 21 January 2002.
15. A telephonic informal hearing was held on 14 February 2002, and an Administrative Order by Matthew D. Harbin, former Special Deputy Commissioner, was filed 21 February 2002 wherein the Industrial Commission was unable to reach a decision on the application.
16. Defendants filed a Form 33 Request that Claim be Assigned for Hearing 27 February 2002
17. Defendants have paid compensation to plaintiff at the rate of $124.29 per week from 26 April 1994 to the present, pursuant to the Opinion and Award entered by Deputy Commissioner W. Bain Jones, Jr., on 19 April 2000.
18. Documents stipulated into evidence include the following:
a. Stipulated Exhibit #1: Plaintiff's Medical Records 154 pages
 ***********
Based upon all the most competent and credible evidence adduced from the record, the undersigned makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was receiving temporary total disability benefits pursuant to the Opinion and Award entered by Deputy Commissioner W. Bain Jones, Jr., on 19 April 2000.
2. Defendants filed a Form 24, Application to Terminate or Suspend Payment of Compensation on or about 21 January 2002, and an Administrative Order was entered by special Deputy Commissioner Matthew D. Harbin on 21 February 2002, wherein the Commission was unable to reach a decision on the application. Defendants appealed from this decision by filing a Form 33, Request that Claim be Assigned for Hearing, on 27 February 2002.
3. Plaintiff is under permanent work restrictions of non-repetitive hand activities with no lifting over 15 to 25 pounds. Plaintiff's primary treating physician is Dr. Anthony DeFranzo, who has been treating her for her bilateral carpal tunnel syndrome.
4. On or about 3 December 2001, plaintiff's vocational rehabilitation case manager, David Morgan, informed her of a job which was becoming available with Security Forces, Inc. It was a daytime, sedentary, security guard position. Plaintiff had previously filed an application with this employer in September 2001, for a third-shift position, which was offered to her. Plaintiff justifiably refused the third-shift security job because of childcare issues.
5. According to a representative from Security Forces, Inc., Captain Arthur Childress, a first shift security guard position became available at the end of December 2001, and that job was sedentary, only requiring plaintiff to sit at a desk and to check identification cards. Mr. Childress did not testify that plaintiff would have been hired had she applied, but said if she had come in, and if no one wanted the job, she would have been placed in the position. Plaintiff was aware that the first shift security guard position was available since she received notice of the potential job by telephone from David Morgan and by letter from Mr. Morgan dated 3 December 2001.
6. Plaintiff's treating physician, Dr. Anthony DeFranzo, testified that plaintiff was capable as of 3 December 2001, of performing a sedentary security guard position. He approved a similar security job position with Security Forces, Inc., as suitable for plaintiff on 6 December 2001. The security guard position was suitable in that it was within plaintiff's physical restrictions and paid wages similar to or greater than plaintiff's wages prior to her injury.
7. Plaintiff has been treating with Dr. Paul Gulley for globus/swallowing difficulties and esophageal reflux, conditions which are unrelated to plaintiff's compensable bilateral carpal tunnel syndrome. Plaintiff was on medication for these unrelated medical conditions in December of 2001 which made her drowsy, and which plaintiff stated made her unable to apply for jobs or work.
8. Plaintiff did not contact Security Forces, Inc. to apply for the position until 10 January 2002. By that time the job had been filled. Plaintiff also did not inform the vocational rehabilitation professional, David Morgan, on 3 December 2001, or after receipt of his letter that she was unable to work due to drowsiness and other side effects of the medication she was taking for her non-work related conditions.
9. Although Dr. Gulley was of the opinion that plaintiff's medication could have caused drowsiness, plaintiff's drowsiness alone is not a reasonable excuse for her failure to contact Security Forces, Inc., to apply for the job or Mr. Morgan to advise him that she was having problems with medication.
10. Plaintiff's failure to apply for the security guard position which was suitable employment constituted a constructive refusal of suitable employment, justifying suspension of compensation.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff was capable of performing a sedentary security guard position as of 3 December 2001, but plaintiff constructively refused suitable employment by failing to timely apply for the security job position which was available by the end of December 2001. Therefore, as of 30 December 2001, plaintiff's temporary total disability compensation should be suspended pursuant to N.C. Gen. Stat. § 97-32.
2. Plaintiff has failed to fully cooperate with vocational rehabilitation, and plaintiff should be ordered to cooperate in the future with vocational rehabilitation efforts. Plaintiff's temporary total disability compensation may be reinstated upon a proper showing by plaintiff that she is willing to cooperate with defendants' rehabilitative efforts. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's temporary total disability benefits are suspended as of 30 December 2001. Defendants are entitled to credit for all temporary total disability payments made after 30 December 2001. N.C. Gen. Stat. § 97-42.
2. Plaintiff is hereby ORDERED to cooperate in the future with vocational rehabilitation efforts. N.C. Gen. Stat. § 97-25.
3. Each party shall bear its own costs.
4. This case is remanded to Deputy Commissioner Stanback for further proceedings on issues over which she retained jurisdiction and any further matters.
This the ___ day of September, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER